320 F.2d 762
 RHODE ISLAND TELEVISION CORPORATION and Robert A. Riesman, Appellants,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee,
WTEV Television, Inc., Intervenor.
RHODE ISLAND TELEVISION CORPORATION and Robert A. Riesman, Petitioners,
v.
FEDERAL COMMUNICATIONS COMMISSION, and United States of America, Respondents,
WTEV Television, Inc., Intervenor.
 No. 17255.
 No. 17256.
 United States Court of Appeals District of Columbia Circuit.
 Argued February 13, 1963.
 Decided June 20, 1963.
 
 Mr. Harvey M. Spear, Washington, D. C., with whom Mr. James E. Greeley, Washington, D. C., was on the brief, for appellants in No. 17255 and petitioners in No. 17256.
 Mr. John G. Smith, Washington, D. C., also entered an appearance for appellants in No. 17255 and petitioners in No. 17256.
 Mr. Richard M. Zwolinski, Counsel, Federal Communications Commission, with whom Messrs. Max D. Paglin, Gen. Counsel, Daniel R. Ohlbaum, Associate Gen. Counsel, Federal Communications Commission, and Lionel Kestenbaum, Atty., Dept. of Justice, were on the brief, for appellee in No. 17255 and respondents in No. 17256.
 Mr. Herman I. Branse and Mrs. Ruth V. Reel, Counsel, Federal Communications Commission, also entered appearances for appellee in No. 17255 and respondents in No. 17256.
 Mr. D. M. Patrick, Washington, D. C., with whom Mr. Howard F. Roycroft, Washington, D. C., was on the brief, for intervenor.
 Mr. Corwin R. Lockwood, Washington, D. C., also entered an appearance for intervenor.
 Before BAZELON, Chief Judge, and WASHINGTON and BURGER, Circuit Judges.
 BURGER, Circuit Judge.
 
 
 1
 This appeal involves a controversy arising out of action of the Federal Communications Commission approving the moving of a transmitter site after grant of a construction permit but before actual construction of the transmitter.
 
 
 2
 In two consolidated cases appellants seek review of two orders dated July 30 and July 31, 1962, respectively. In No. 17255, Section 402(b) of the Communications Act, 47 U.S.C. § 402(b), is invoked as affording jurisdiction for review of both of the orders referred to. In No. 17256, petitioners invoke Section 402(a) of the Communications Act, 47 U.S.C. § 402(a), as the jurisdictional basis for review of the same orders.
 
 
 3
 The Commission in October 1956 assigned television Channel 6 to New Bedford, Massachusetts. Channel Assignment to Nashaquitsa, Mass., 14 Pike & Fischer, R.R. 1504. In November 1956, E. Anthony & Sons, Inc., the predecessor of Intervenor, WTEV, filed an application for a new construction permit for a station to operate on the newly assigned Channel 6 in New Bedford, Massachusetts, with studios there and transmitter on Martha's Vineyard Island 17 miles off the mainland. In 1958 four mutually exclusive applications for Channel 6 in New Bedford were designated for hearing.[1] In January 1960, by agreement, three of the contenders merged their interests into the Anthony application and two applications were dismissed leaving only Anthony and Wilson Broadcasting Corporation. Subsequently, Wilson dismissed its application.
 
 
 4
 Appellant Riesman, the sole stockholder of Rhode Island Television Corp., filed a petition to intervene in the Channel 6 proceeding alleging that if a pending rule making proceeding, Docket 13375, resulted in reassignment of Channel 6 from New Bedford to Providence, Riesman wanted it and would apply for it. From this posture he contended that a grant of Channel 6 to Anthony would adversely affect him. Intervention was denied because the petition was filed out of time and was contingent and therefore Anthony was not a party in interest under the controlling statutory provision, which was then Section 309(b) of the Communications Act.[2] E. Anthony & Sons, Inc., 20 Pike & Fischer, R.R. 1095. No judicial review of that order was sought.
 
 
 5
 Meanwhile the Commission was trying to find a way to supply Providence, Rhode Island, with a third VHF television facility and on February 1, 1960, invited comments on a rule making proposal to reassign Channel 6 from New Bedford to Providence. Docket No. 13375, 25 Fed. Reg. 1056. In the published notice, the Commission called attention to the fact that consideration was being given in a rule making proceeding in Docket No. 13340 (25 Fed.Reg. 286) to the assignment of television stations at less than the existing standard co-channel separation requirements of Commission's Rule § 3.610, 47 C.F.R. § 3.610, in order to provide a third competitive VHF service in major communities.
 
 
 6
 In September 1960, Anthony, WTEV's predecessor, requested the Commission to terminate the rule making proceeding in Docket No. 13375. Anthony alleged that if it was granted Channel 6 in New Bedford it could provide principal city service to New Bedford and southern Massachusetts, Grade A service to part of Rhode Island, and Grade B service to other areas, including Providence. Anthony also alleged that if pending proposals in Docket 13340 for minimum co-channel separations were adopted, it would ask to move its transmitter from Martha's Vineyard Island to the mainland, nearer Providence. On July 10, 1961, the Commission terminated the rule making proceeding in Docket No. 13375 (26 Fed.Reg. 6275) and granted a Channel 6 construction permit to WTEV which succeeded to Anthony's interest. E. Anthony & Sons, Inc., 31 FCC 90.
 
 
 7
 Although some very limited amount of work was begun on the transmitter site, WTEV never constructed a transmitter on Martha's Vineyard. On January 18, 1962, WTEV requested modification of its construction permit to allow removal of the transmitter site to Tiverton, Rhode Island, on the mainland, twenty-six miles across the bay. The application also contained requests for waiver of the Commission's minimum mileage separation requirements with respect to co-channels in Portland, Maine, and Schenectady, New York, and an adjacent channel in Boston.[3]
 
 
 8
 On February 26, 1962, appellant Riesman, the sole stockholder of Rhode Island Television Corporation (hereinafter Rhode Island), filed with the Commission a petition to deny WTEV's application to change its transmitter site. On July 24, 1962, appellant Rhode Island filed with the Commission (1) an application for a construction permit for a Channel 6 station with a transmitter at Tiverton, Rhode Island, coupled with a request for a comparative hearing with WTEV on the question of allowing the construction of such facilities; (2) a petition to revoke WTEV's construction permit for lack of diligence in constructing a transmitter on Martha's Vineyard; (3) a petition to reopen the Providence Channel 6 rule making proceeding; (4) a petition for stay of the proceedings relating to WTEV's application for change of transmitter site; (5) requests for oral argument on the several petitions.
 
 
 9
 On July 31, 1962, the Commission by Memorandum Opinion and Order, granted WTEV's application to change its transmitter site to the mainland along with waivers of the minimum mileage separation requirements, dismissed Riesman's petition on the ground that he lacked standing, returned Rhode Island's application for the same facilities already granted to WTEV, denied Rhode Island's petition to revoke WTEV's construction permit because of WTEV's alleged bad faith in failing to complete the Martha's Vineyard transmitter denied petition for a stay and the request for oral argument on the ground that the previous determinations made such procedure and relief unnecessary. On July 30, 1962, in a separate Memorandum Opinion and Order, the Commission denied Rhode Island's petition to reopen the rule making proceeding. Rhode Island appealed from both orders of the Commission; Riesman appealed from the denial of his petition; WTEV intervened and the appeals were consolidated by this court for joint consideration and disposition.
 
 
 10
 Rhode Island's primary contention on appeal is that the Commission's action, in allowing WTEV to move its transmitter site from Martha's Vineyard to Tiverton was, in legal effect, a transfer of Channel 6 from New Bedford to Providence. From this premise appellant contends that such a transfer of channels can be accomplished only by rule making followed by applications and comparative consideration leading to the grant of the newly designated channel. Alternatively appellant urges that the Commission's action in allowing relocation of the transmitter site was so substantial a modification of WTEV's license that Rhode Island, a party desiring to apply for comparative consideration for Channel 6 in New Bedford with a transmitter at Tiverton rather than on Martha's Vineyard, must be allowed comparative consideration at this time. Appellant also urges that a request for removal of transmitter could be granted by the Commission only after a hearing in which appellant was allowed to intervene. Finally, appellant contends the Commission erred in finding good faith on the part of WTEV with regard to the alleged dilatory manner in which it proceeded with construction of a transmitter on Martha's Vineyard, and that denial of its petition to revoke WTEV's construction permit flowed from this error.
 
 
 11
 The Commission, pursuant to its statutory authority, had previously assigned two VHF channels to Providence and one VHF channel to New Bedford. Providence was one of the few metropolitan areas of its size to have principal city service from only two VHF stations. Columbia Broadcasting System and National Broadcasting Company were affiliated with the two channels in Providence. American Broadcasting Company, the third major network, was interested in entering the Providence market provided it could affiliate with a station which afforded service commercially competitive with the two existing Providence stations. Had WTEV operated with a transmitter from Martha's Vineyard, it would have been able to provide principal city service to New Bedford but only Grade B service to Providence. This would not have constituted commercially competitive service for Providence, hence a station transmitting from Martha's Vineyard attracted the interest of neither ABC as a network nor of Rhode Island as an applicant. This is the heart of the matter.
 
 
 12
 The removal of WTEV's transmitter to Tiverton had the effect of providing Providence with commercially competitive Grade A service, in addition to improving principal city service to New Bedford. Rhode Island asserts that it failed to apply originally for Channel 6 in New Bedford because Channel 6 would not have been able to serve Providence competitively from Martha's Vineyard but that the change of the transmitter site makes Channel 6 in New Bedford precisely what it has always wanted.
 
 
 13
 Appellant Riesman's petition to the Commission seeking denial of WTEV's application to move its transmitter was denied on the ground that Riesman lacked standing, because he was neither a licensee, permittee nor applicant and therefore could not "assert standing either because of electrical interference or economic injury because of competition. Federal Communications Commission v. Sanders Brothers Radio Station, 309 U.S. 470 [60 S.Ct. 693, 84 L.Ed. 869]; Federal Communications Commission v. National Broadcasting Company (KOA), 319 U.S. 239 [63 S.Ct. 1035, 87 L.Ed. 1374]." The Commission's determination was correct. See Tennessee Television, Inc. v. Federal Communications Commission, 104 U.S.App.D.C. 316, 262 F.2d 28 (1958); McClatchy Broadcasting Co. v. Federal Communications Commission, 99 U.S.App.D.C. 199, 239 F.2d 19 (1956), cert. denied, sub nom. Sacramento Telecasters, Inc. v. McClatchy Broadcasting Co., 353 U.S. 918, 77 S.Ct. 662, 1 L.Ed.2d 665 (1957); Greenville Television Co. v. Federal Communications Commission, 95 U.S.App.D.C. 314, 221 F.2d 870 (1955).
 
 
 14
 All of appellant Rhode Island's claims are predicated on the belief that the Commission's action in granting the permission to WTEV to change transmitter site was in fact and law a transfer or reassignment of Channel 6. If the Commission's action did not result in the transfer of a channel then the Commission properly returned Rhode Island's application under its Rules § 1.305(c), 47 C.F.R. § 1.305(c). Appellant's contention is answered adversely by our holding in Community Telecasting Inc. v. Federal Communications Commission, 103 U.S.App. D.C. 139, 255 F.2d 891 (1958). The Commission's Memorandum Opinion rested squarely on the Community Telecasting case:
 
 
 15
 "The mere fact that as a result of the proposed modification WTEV will improve its signal to the Providence area from Grade B to Grade A does not warrant [the conclusion that there has been a channel reassignment]. In fact WTEV will continue to be a New Bedford station, will maintain its main studio in New Bedford*, will place a principal city signal over that community and will be primarily responsible for providing for the needs of that community under the Rules. Accordingly, grant of the proposal will not change the channel assignment and does not open it to competing applicants. Community Telecasting, Inc. v. Federal Communications Commission * *.
 
 
 16
 "* The permittee does not propose to establish studio facilities in Providence."
 
 
 17
 There was no reassignment of channel under our Community Telecasting holding and the Commission properly returned Rhode Island's application.
 
 
 18
 Appellant's second claim relates to the good faith of WTEV in the construction of its transmitter on Martha's Vineyard. The original award of the construction permit on July 10, 1961, was assigned to WTEV on November 14, 1961. WTEV filed its petition to relocate the transmitter on January, 1962. The Commission specifically found that the delay was caused primarily by the necessity of building the transmitter in such a manner as not to interfere with the Coast Guard's LORAN-C facility at Gay Head, Martha's Vineyard. On this record we cannot say that the Commission's rejection of the contention of bad faith was erroneous.
 
 
 19
 Appellant's request to reopen the rule making proceeding was denied by the Commission. Administrative rule making does not ordinarily comprehend any rights in private parties to compel an agency to institute such proceedings or promulgate rules. Appellant's petition was addressed to the discretion of the Commission and we cannot say that discretion was abused by the Commission. Mackey v. United States, 103 U.S.App. D.C. 146, 255 F.2d 898 (1958). See Van Curler Broadcasting Corp. v. United States, 98 U.S.App.D.C. 432, 236 F.2d 727 (1956), cert. denied, 352 U.S. 935, 77 S.Ct. 226, 1 L.Ed.2d 163.
 
 
 20
 In seeking review under both §§ 402(a) and 402(b) of Communications Act, it would appear appellants acted in an abundance of caution to be certain that review would be available under one or the other of the two sections cited. However, those sections "are by definition mutually exclusive" paths of judicial review and a given order may not be reviewed in two separate cases. Functional Music, Inc. v. Federal Communications Commission, 107 U.S.App.D.C. 34, 38, 274 F.2d 543, 547 (1958), cert. denied, 361 U.S. 813, 80 S.Ct. 50, 4 L.Ed.2d 81 (1959).
 
 
 21
 The Commission's order of July 31, 1962, in exercise of its licensing functions is reviewable under Section 402(b) of the Act in Case No. 17255. Tomah-Mauston Broadcasting Co. v. Federal Communications Commission, 113 U.S. App.D.C. 204, 306 F.2d 811 (1962). The Commission's order of July 30 denying the petition for rule making is reviewable under Section 402(a) of the Act in Case No. 17256. See Mackey v. United States, 103 U.S.App.D.C. 146, 255 F.2d 898 (1958).
 
 
 22
 Accordingly Case No. 17255 is dismissed to the extent it seeks review of the July 30 order and the petition in Case No. 17256 is dismissed to the extent it seeks review of the July 31 order.
 
 
 23
 We have examined appellants' other contentions on appeal and find no reason to disturb the orders of the Commission under review.
 
 The orders of the Commission are
 
 24
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 The competing applicants were: E. Anthony & Sons, Inc. (predecessor of WTEV), Wilson Broadcasting Corporation, Eastern States Broadcasting Corporation and New England Television Company, Inc
 
 
 [2]
 Former § 309(b) of the Act, 66 Stat. 715, is now § 309(e) of the Act, 47 U. S.C. § 309(e)
 
 
 [3]
 See Commission's Rules § 3.610, 47 C. F.R. § 3.610. See also Interim Policy on VHF TV Channel Assignments, 21 Pike & Fischer R.R. 1695, 1699, 1710a