340 F.2d 781
 119 U.S.App.D.C. 256, 58 P.U.R.3d 75
 JEFFERSON RADIO COMPANY, Inc., Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee, W. D. Frink,
t/a Jefferson Radio Company, Permittee of Station
WIXI, Irondale, Alabama, Intervenor.
JEFFERSON RADIO COMPANY, Inc., Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents, W. D. Frink, t/a Jefferson
Radio Company, Permittee of Station
WIXI, Irondale, Alabama, Intervenor.
 Nos. 18296, 18297.
 United States Court of Appeals District of Columbia Circuit.
 Argued June 19, 1964.
Decided July 30, 1964.
 
 Mr. Russell Rowell, Washington, D.C., with whom Mr. Henry R. Goldstein, Washington, D.C., was on the brief, for appellant-petitioner.
 Mr. Marvin Rosenberg, Washington, D.C., also entered an appearance for appellant-petitioner.
 Mr. Michael Finkelstein, Counsel, Federal Communications Commission, with whom Mr. Max D. Paglin, Gen. Counsel, Federal Communications Commission at the time the brief was filed, and Mr. Daniel R. Ohibaum, Associate Gen. Counsel, Federal Communications Commission, were on the brief, for appelleerespondents.
 Mr. Henry Geller, Gen. Counsel, and Mrs. Ruth V. Reel, Atty., Federal Communications Commission, also entered appearances for appellee-respondents.
 Mr. Maurice R. Barnes, Washington, D.C., entered an appearance for intervenor W. D. Frink, t/a Jefferson Radio Co., Permittee of Station WIXI, Irondale, Alabama.
 Before WILBUR K. MILLER, FAHY and BASTIAN, Circuit Judges.
 BASTIAN, Circuit Judge:
 
 
 1
 This appeal and petition for review involve a dismissal by the Federal Communications Commission of an application for assignment of a construction permit filed by the appellant-assignee.
 
 
 2
 In 1956, mutually exclusive proposals for a construction permit for a standard broadcast station were submitted by W. D. Frink, t/a Jefferson Radio Company, intervenor, and Bessemer Broadcasting Company, Inc., controlled by one Dorsey E. Newman. Following extensive hearings and proceedings before the Commission and a remand to the hearing examiner for further hearing, the applicants agreed to resolve their differences and merge their interests.
 
 
 3
 On December 19, 1959, an agreement was entered into by the two parties, providing in pertinent part that in return for an option to secure a one-half interest in Frink's proposed station at Irondale, Alabama (WIXI), Bessemer would dismiss its conflicting application. The agreement further provided for the disposal by Bessemer of its interest in its station at Bessemer, Alabama (WEZB). The merger agreement was duly filed with the Commission, and the subsequent sale of WEZB by Bessemer was approved.
 
 
 4
 On October 12, 1960, the Commission granted Frink's application for a construction permit and dismissed Bessemer's application, observing that 'there is nothing about the arrangements and contemplated transactions between the parties which would reflect adversely upon on either Bessemer or Jefferson.' Jefferson Radio Co., 299 F.C.C. 873, 877 (1960). In November 1960, Frink filed an application for license to cover his construction permit.
 
 
 5
 In January 1961, an application was filed requesting the Commission's consent to the assignment of Frink's construction permit to Jefferson Radio Company, Inc. (appellant), a newly formed corporation jointly owned by Frink and Newman, and seeking to effectuate the merger agreement between Frink and Bessemer.
 
 
 6
 Before any action was taken by the Commission on the assignment application, however, certain questions arose regarding Frink's activities and his qualifications to be a licensee. A hearing was held on Frink's license application and, on September 13, 1963, the Commission adopted the hearing examiner's initial decision that the application should be denied. The Commission further ordered Station WIXI to cease operations on December 11, 1963 (which deadline subsequently was extended to January 1, 1964).
 
 
 7
 Frink's petition for reconsideration was denied on December 2, 1963.
 
 
 8
 Thereupon, appellant, together with Frink, filed a 'Petition for Extension of Authorization' on December 5, 1963. As relates to the problem here, that petition called attention to the still pending assignment application, noting that, in view of the Commission's decision regarding Frink's license qualifications, Frink's interest in the appellant corporation would be eliminated. It was requested that Frink be permitted to operate his station until an appropriate amendment to the assignment application was prepared and submitted to the Commission. On December 9, 1963, the Commission denied the petition, observing that 'the application for assignment of construction permit (has) been rendered moot by our denial of the application for license.'
 
 
 9
 Subsequently, the Commission (1) on December 19, 1963, denied appellant's petition for reconsideration of the denial of Frink's license application and request for stay of that decision; and (2) on December 30, 1963, denied appellant's second petitions for stay and for reconsideration and dismissed appellant's application for assignment of the construction permit. This appeal and petition for review followed.
 
 
 10
 Appellant argues that the Commission erred (1) in terminating the instrument of authorization of Station WIXI without first considering appellant's assignment application on its merits; and (2) by refusing to permit appellant to amend its assignment application. We are of the opinion, however, that the Commission's decisions were fully warranted.
 
 
 11
 It is the recognized policy of the Commission that assignment of broadcast authorization will not be considered until the Commission has determined that the assignor has not forfeited the authorization.[1] We feel that the Commission's deferral of consideration of appellant's assignment application was entirely consistent with this policy. While it is true that the assignment application here had been filed prior to the Commission's setting a date for the hearing on Frink's license application, we do not think the Commission was required to consider the assignment application first.
 
 
 12
 Subsequently, when Frink's authority to operate Station WIXI was terminated by the Commission's denial of his license application,[2] Frink had no authorization susceptible of transfer by him; the authorization had, in effect, 'reverted' to the Commission. As a result, no hearing on the assignment application was necessary since the basis of the application had disappeared.[3]
 
 
 13
 We do not feel that appellant's posture as potential assignee of Frink's authority to operate Station WIXI is such as to require the Commission to permit the filing of, and to consider, an amended assignment application in this case.[4] On the basis of the record before us, we are of the opinion that, in No. 18296, the orders of the Commission should be affirmed.
 
 
 14
 The issues raised by Jefferson being appropriate to an appeal under47 U.S.C. 402(b)(3), the petition for review under 47 U.S.C. 402(a) in No. 18297 is dismissed. Rhode Island Television Corp. v. F.C.C., 116 U.S.App.D.C. 40, 44, 320 F.2d 762, 766 (1963); Functional Music, Inc. v. F.C.C., 107 U.S.App.D.C. 34, 38, 274 F.2d 543, 547 (1958), cert. denied 361 U.S. 813, 80 S.Ct. 50, 4 L.Ed.2d 81 (1959).
 
 
 15
 No. 18296 is affirmed. No. 18297 is dismissed.
 
 
 
 [1]
 Cf., e.g., Broadcasting Service Organization, 11 F.C.C. 1057, 1073, adopted en banc, 12 F.C.C. 260 (1947), aff'd, 337 U.S. 901, 69 S.Ct. 1047, 93 L.Ed. 1715 (1949), reversing 84 U.S.App.D.C. 152, 171 F.2d 1007; G. A. Richards, 14 F.C.C. 429, 430-431 (1950); Tidewater Teleradio, 24 Pike & Fischer, R.R. 653, 657 (1962)
 
 
 [2]
 Appellant does not challenge the Commission's denial of Frink's license application, and no appeal from that decision has been taken
 
 
 [3]
 Cf. Bendix Aviation Corp., Bendix Radio Division v. F.C.C., 106 U.S.App.D.C. 304, 272 F.2d 533, cert. denied sub nom. Aeronautical Radio, Inc. v. United States, 361 U.S. 965, 80 S.Ct. 593, 4 L.Ed.2d 545 (1960). See also Transcontinent Television Corp. v. F.C.C., 113 U.S.App.D.C. 384, 308 F.2d 339 (1962)
 
 
 [4]
 Appellants urge that Churchill Tabernacle v. F.C.C., 81 U.S.App.D.C. 411, 160 F.2d 244 (1947), requires the Commission to permit appellant to file, and to consider, an amended assignment application here. That case, however, is readily distinguishable from the one before us. There the Commission, after having approved a contract provision for more than ten years between a broadcast licensee and Churchill Tabernacle, reversed itself and ordered the contract provision cancelled. As a consequence, the Tabernacle, which had made substantial non-recoverable investments during the time the contract had been in effect, was threatened with serious economic ininjury. In reversing the Commission, this court observed 'that valuable rights and investments made in reliance on a license of the Federal Communications Commission should not be destroyed except for the most compelling reasons.' 81 U.S.App.D.C. at 414, 160 F.2d at 247
 In this case, however, (1) no reversal of an earlier determination by the Commission vis-a-vis appellant is involved; (2) appellant cannot assert a 'reliance' on its existing interests in an already issued license since the assignment agreement with Frink was wholly contingent on the Commission's approval; and (3) it seems that appellant is not foreclosed from applying directly for the authorization earlier held by Frink.