**LOUISIANA TELEVISION BROAD-
CASTING CORPORATION,
Appellant,**

v.

**FEDERAL COMMUNICATIONS COM-
MISSION, Appellee,**

St. Anthony Television Corporation,
Intervenor.

**GUARANTY BROADCASTING CORPO-
RATION, Appellant,**

v.

**FEDERAL COMMUNICATIONS COM-
MISSION, Appellee,**

St. Anthony Television Corporation,
Intervenor.

**Nos. 18621, 18638.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 19, 1964.

Decided May 11, 1965.

Mr. Paul Dobin, Washington, D. C., with whom Messrs. Leonard H. Marks and Martin J. Gaynes, Washington, D. C., were on the brief, for appellant in No. 18621.

Mr. Aloysius B. McCabe, Washington, D. C., with whom Mr. James M. Johnstone, Washington, D. C., was on the brief, for appellant in No. 18638.

Mr. Joel H. Levy, Counsel, Federal Communications Commission, with whom Messrs. Henry Geller, General Counsel, and Daniel R. Ohlbaum, Associate General Counsel, Federal Communications Commission, were on the brief, for appellee. Mr. Arthur B. Goodkind, Counsel,

Federal Communications Commission, also entered an appearance for appellee.

Messrs. Howard J. Schellenberg, Jr., and Philip J. Hennessey, Washington, D. C., entered appearances for intervenor.

Before BAZELON, Chief Judge, and WASHINGTON, and McGOWAN, Circuit Judges.

PER CURIAM.

These are appeals from the grant of an application for modification of a television construction permit. The Federal Communications Commission assigned VHF Channel 11 to Houma, Louisiana, a city approximately sixty miles southeast of Baton Rouge, Louisiana. In the Matter of Amendment of Section 3.606, 15 Pike & Fischer R.R. 1603 (1957), 47 C.F. R. § 73.606(b) (1964). In 1958 the Federal Communications Commission issued to intervenor St. Anthony Television Corporation a construction permit for Channel 11, establishing a transmitter site nine miles from Houma. Because of engineering difficulties, St. Anthony did not build the station and in 1959 applied for a modification allowing it to build the transmitter forty-seven miles from Houma and eighteen miles from Baton Rouge. At about the same time, St. Anthony in rulemaking proceedings unsuc-

cessfully sought a redesignation of Channel 11 as a Baton Rouge or Baton Rouge-Houma channel. See In the Matter of Assignment of an Additional VHF Channel to . . . Baton Rouge, La., 25 Pike & Fischer R.R. 1687 (1963), reconsideration denied, 1 Pike & Fischer R.R.2d 1572 (1964); In the Matter of Amendment of Section 3.606, 18 Pike & Fischer R.R. 1666, 1670–1671 (1959).

Appellants, licensees of the two VHF channels presently assigned to Baton Rouge, opposed St. Anthony's application for modification of the construction permit. They argued that granting the application would be contrary to the public interest, convenience, and necessity and requested a hearing. The Commission granted St. Anthony's application without hearing, holding first, that no material issue of fact had been raised and, secondly, that the modification would be in the public interest because it would bring a third VHF service to Baton Rouge and would extend Channel 11 service to a greater number of people, despite the fact that it would violate established Commission policies.

If either holding is erroneous, the case must be reversed and remanded. Under § 309 of the Federal Communications Act,[1] the Commission may grant an application for modification without hearing

1. 47 U.S.C. § 309 (1952). Section 309(a) of the Federal Communications Act provides, "the Commission shall determine, in the case of each application [for a modification of a construction permit] filed with it * * * whether the public interest, convenience, and necessity will be served by the granting of such application, and, if the Commission, upon examination of such application and upon consideration of such other matters as the Commission may officially notice, shall find that public interest, convenience, and necessity would be served by the granting thereof, it shall grant such application." Section 309(d) (1) provides that any party in interest may file a petition to deny such application stating specific allegations of fact showing that a grant of the application would be prima facie against the public interest. Section

309(d) (2) provides that, "If the Commission finds on the basis of the application, the pleadings filed, or other matters which it may officially notice that there are no substantial and material questions of fact and that a grant of the application would be consistent with * * * [the public interest, convenience, and necessity], it shall make the grant, deny the petition. and issue a concise statement of the reasons for denying the petition, which statement shall dispose of all substantial issues raised by the petition," and that, "If a substantial and material question of fact is presented or if the Commission for any reason is unable to find that grant of the application would be consistent with * * * [the public interest], it shall [hold a hearing on the issues raised in which the burden of proof is on the applicant] * * *."

only if it finds "(1) no material issue of fact, *and* (2) no reason why the grant would not serve the public interest, convenience and necessity." Hudson Valley Broadcasting Corp. v. Federal Communications Comm'n, 116 U.S.App.D.C. 1, 5, 320 F.2d 723, 727 (1963). (Emphasis supplied.) We find that both holdings are erroneous. However, since appellants may raise any disputed issues of fact [2] on remand, we shall only outline the policy issues that the Commission should consider in deciding whether the modification would be in the public interest, convenience, and necessity.

Appellants raised five public interest issues which, according to Commission practice and this court's cases, should not ordinarily be decided summarily. When so many significant policy issues exist, it is plainly improper to grant an application without the full record of facts and adversary views a hearing would provide. The relevant issues are the following:

(1) Whether the public interest warrants a degradation of signal strength to Houma, including a degradation below the level required for principal-city service; [3]

(2) Whether the public interest justifies a waiver of the required minimum co-channel mileage separation; [4]

(3) Whether St. Anthony made the required efforts to determine the programming needs of its proposed new service area and whether its programming will fulfill the needs of its service area; [5]

2. For instance, appellant Louisiana Television Broadcasting Corporation, in its petition to deny St. Anthony's application, asserted that St. Anthony's signal over Houma would be substantially degraded by its proposal. Although the Commission's opinion recognized that the proposal would deprive some of Houma's population of the minimum signal strength required by the Commission's Rules and Regulations, it did not mention the degradation of the signal over the rest of Houma. When the Commission has failed to refer to an issue raised in a petition to deny, the court cannot presume that the Commission considered the issue unimportant. Hudson Valley Broadcasting Corp. v. Federal Communications Comm'n, 16 U.S.App.D.C. 1, 320 F.2d 723 (1963).

3. Sixteen percent of Houma's population would receive a signal weaker than the Commission's Rules and Regulations require. See 47 C.F.R. § 73.685(a) (1964). Also, Louisiana alleged that the signal over the rest of Houma would be substantially degraded. See Television Corp. of Michigan, Inc. v. Federal Communications Comm'n, 111 U.S.App.D.C. 101, 103, 294 F.2d 730, 732 (1961) (§ 309 hearing held) ("deprivation of service to any group was undesirable, and to be justified only by offsetting factors"); Hall v. Federal Communications Comm'n, 99 U.S. App.D.C. 86, 237 F.2d 567 (1956) (any degradation is prima facie against the public interest).

4. The Commission's Rule § 73.610(b), 47 C.F.R. § 73.610(b) (1964), establishes a minimum separation of 220 miles. The new transmitter site would be only 200 miles from the nearest channel 11. See In the Matter of Interim Policy on VHF Television Channel Assignments, 21 Pike & Fischer R.R. 1695, 1699 (1961) (refusal to authorize blanket waiver of minimum separation rule); In the Matter of Assignment of an Additional VHF Channel to . . . Baton Rouge, La., 25 Pike & Fischer R.R. 1687 (1963), reconsideration denied, 1 Pike & Fischer R.R.2d 1572 (1964) (policies of minimum separation rule not overcome by need for third VHF channel in Baton Rouge); cf. Hudson Valley Broadcasting Corp. v. Federal Communications Comm'n, *supra* note 2.

5. Well-established Commission policy requires that each application for modification of a construction permit contain detailed data on efforts to determine and fulfill the programming needs of the entire service area. See Commission Policy on Programming, 20 Pike & Fischer R.R. 1901 (1960). Both this court and the Commission have held that a § 309(e) hearing is necessary if this kind of programming issue has been raised in a petition to deny. See Wometco Enterprises, Inc. v. Federal Communications Comm'n, 114 U.S.App.D.C. 261, 314 F.2d 266 (1963); Grayson Enterprises, Inc., No. 15362, FCC 64-197, 29 Fed.Reg. 3372 (March 13, 1964).

(4) Whether the proposed modification would constitute a *de facto* reallocation of Channel 11 to Baton Rouge; [6] and

(5) Whether providing Baton Rouge with a third VHF service would violate the Commission's policy of encouraging the development of UHF channels.[7]

The case is remanded for further proceedings under § 309(e) in accordance with this opinion.

So ordered.

6. The allocation of television channels to communities is fixed in rulemaking proceedings. See 47 C.F.R. §§ 73.606, 73.607 (1964). If a move of transmitter site is in fact a reassignment of a channel, it may be the duty of the Commission to hold comparative hearings to determine who should operate the channel. Compare Rhode Island Television Corp. v. Federal Communications Comm'n, 116 U.S.App.D.C. 40, 320 F.2d 762 (1963); Community Telecasting Co. v. Federal Communications Comm'n, 103 U.S.App. D.C. 139, 255 F.2d 891 (1958). To allow the Commission to determine without a hearing the issue of whether Channel 11 would be reallocated might be to allow the possibility of summary and sub silentio overruling of a policy established through the rulemaking process and might deprive others of an opportunity to compete for Channel 11. Both the court and the Commission have recognized that the

significance of such an issue requires a full hearing during § 309 proceedings. Wometco Enterprises, Inc. v. Federal Communications Comm'n, *supra* note 5; Grayson Enterprises, Inc., *supra* note 5.

7. See Grayson Enterprises, Inc., *supra* note 5. In In the Matter of Assignment of an Additional VHF Channel to . . . Baton Rouge, La., 25 Pike & Fischer R.R. 1687 (1963), the Commission held that the need for development of UHF prevented assignment of a third VHF channel to Baton Rouge. Although in denying petitions for reconsideration, the Commission said that reallocating Channel 11 to Baton Rouge would have little effect on UHF development, 1 Pike & Fischer R.R.2d 1572 (1964), no reasons were given for the change in attitude, and there is no indication that additional evidence had been taken before the change.